No. 617
CLEVELAND RY. CO. v. GUT
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 4972. Decided March 28, 1924.

225. CHARGE TO JURY—Upon the point relating to the exact time accident occurred should be in consonance and consistent with the basis of figuration of time by the witnesses who testified in the case.

SULLIVAN, J.

John Gut brought an action in the Cuya-

## STATE COURT OF APPEALS, Continued

hoga Common Pleas against the Cleveland Railway Co. seeking to recover damages for injuries sustained in a collision which occurred between a machine .in which he was riding as a passenger, and a street car. It seems that the trolley of the street car left the wire and darkness followed in and about the car, until within a period of from 60 to 90 seconds the trolley was adjusted on the wire and the car re-lighted.

Evidence tended to show that the automobile the trolley had become dislodged while the car in which Gut rode, collided with one end of the street car, projecting into the road, (for was turning a curve on a "Y" track) and as a result the driver of the machine was killed, Gut being injured as stated. The jury returned a verdict upon which judgment was entered for nearly $4000 in favor of Gut. Error was prosecuted and the Court of Appeals held:

1. Section 12614-3 GC. makes it the duty of every person who operates a vehicle on wheels on any public street, during time from one hour after sunset until one hour before sunrise, to have attached thereto a light or lights, rays of which shall be visible 200 feet from the front and the rear. Violation of this provision makes person guilty of misdemeanor and liable to fine not to exceed $25.

2. The court in its charge to the jury stated that sunset was at 5:40 P. M. on the date of the collision, and that if it was found by the greater weight of the evidence that the Railway Co. had its vehicle, the street car, in the vicinity alleged, without a light or lights visible thereon, it was negligent as a matter of law.

3. It is highly improbable that the witnesses including the motorman, conductor and police officer, departed from the time used in the performance of their duties, and resorted in this particular instant to the adoption of central time, instead of eastern time.

4. Time of setting of the sun in Cleveland on date of accident was 6:06 Eastern Standard time; 5:06 Central Standard time; and 5:40 was the time the sun set at longitude 90 degrees in the latitude of Cleveland. Thus there was the play of an hour between the time adopted by the court, and the time. unquestionably adopted by the witnesses.

5. The court in the charge, placed a meaning and construction upon the testimony of all the witnesses in the case, as to time, thereby obviously committing error vitally prejudicial to the Railway Co. Under such charge in the state of the record, the Company did not have

a fair and impartial .trial. Judgment reversed and cause remanded.

Attorneys—Squire, Sanders & Dempsey for Company; Anderson, Lamb & Jenkins for Gut; all of Cleveland.